**DISSENT; and Opinion Filed August 30, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00718-CV

### RSL FUNDING, LLC AND
### RSL SPECIAL-IV, LIMITED PARTNERSHIP, APPELLANTS
### V.
### RICKEY NEWSOME, APPELLEE

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-14580-L**

## DISSENTING OPINION
Before Justices Lang-Miers, Brown, and Schenck
Dissenting opinion by Justice Schenck

I commend the majority for its fine opinion. I regret that I am unable to join it in full.

The approved transfer agreement includes an arbitration clause which states:

> Disputes under this Agreement of any nature whatsoever including but not limited to those sounding in constitutional, statutory, or common law theories as to the performance of any obligations, the satisfaction of any rights, and/or the enforceability hereof, including any claims that the Assignor has breached this Agreement, shall be resolved through demand by any interested party to arbitrate the dispute under the laws of Assignee's domicile to the maximum extent possible (including the Federal Arbitration Act which shall be controlling) . . . . The parties hereto agree that the issue of arbitrability shall likewise be decided by the arbitrator, and not by any other person. That is, the question of whether a dispute itself is subject to arbitration shall be decided solely by the arbitrator and not, for example, by any court. In so doing the intent of the parties is to divest any and all courts of jurisdiction in disputes involving the parties, except for the confirmation of the award and enforcement thereof.

The United States Supreme Court has been very clear in stating that disputes, be they factual or

legal in nature, arising out of contracts containing an arbitration provision are to be decided by

an arbitrator, not a court. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 268–69 (2009). This is especially true when, as here, the parties have committed to arbitrate the question of arbitrability. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

To be sure, we have not previously addressed the question of whether parties might validly agree to arbitrate a legal dispute over the effect of a prior court order. In applying the Federal Arbitration Act, however, the Supreme Court has stressed that legal disputes of all kinds are within the presumed competence of an arbitrator and should be so decided where the parties have contracted to avoid a judicial disposition. *See Pyett*, 556 U.S. at 268–69; *see also Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 481 (1989).

The parties' arguments here concerning whether the nunc pro tunc order is effective and whether the trial court's additional payment term properly altered their transfer agreement can be made to an arbitrator just as well as a court. Likewise, any claim Newsome may have as to the delay and receipt of beneficial payments under the transfer agreement may also be raised before an arbitrator. As all of these claims arise either directly from the agreement or from their dispute over its proper reach, I would leave them to their commitment to arbitrate those questions alongside any dispute over the proper reach of the arbitration clause. *Continuum Health Serv., LLC v. Cross*, No. 05-11-01520-CV, 2012 WL 5845367, at *1 (Tex. App.—Dallas Nov. 19, 2012, no pet.) (mem. op.); *Roe v. Ladymon*, 318 S.W.3d 502, 512–14 (Tex. App.—Dallas 2010, no pet.).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

150718DF.P05

–2–